Victor Walthour
V.
City of Philadelphia et. a'.

I victor walthour the creator and owner plus the sole chooser of the trustee for the Rosalyn Patterson
Walthour support trust dated 11 sept 2006,
 has never giving the authority to PNC Bank nor Judge John W. Herron to sale any assets belonging to
Mr. Victor Walthour.

809 shavertown rd. in Garnet Valley was constructed using Mr. Walthour's winnings of 1 million dollars
specifically.

But due to the clandestine acts of Judge Herron, Pnc Bank's Sheila Gibson, Paul Feldman and Linda
Hobkirk a fraudulent Trust was created.

This trust document does not reflect mr. walthour's 1 million for construction since only Linda Hobkirk
took part in settlement agreement that brought mr. walthour the 1 million dollars.

Upon mr. walthour's request for all assets to be returned him immediately, the request was denied

FILED

JAN 27 2020

KATE BARKMAN, Clerk
By_____ Dep. Clerk

1 - 15 - 2020

IN THE COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY, PENNSYLVANIA
ORPHANS' COURT DIVISION
O.C. No. 520 AI of 2004
CONTROL No. ~~040687~~  065848

ESTATE OF ROSALYN PATTERSON WALTHOUR,
AN INCAPACITATED PERSON
DATE OF BIRTH: JUNE 16, 1970

DECREE

AND NOW, this 11ᵗʰ day of September, 2006, upon consideration of the Petitioners Motion for Approval of Trust for an Incapacitated Person pursuant to PA. R. C. P. 2064, and for Allowances From Trust, it is hereby ORDERED and DECREED that:

1.    The trust for Rosalyn Patterson Walthour, an Incapacitated Person, ("Trust") in the form attached as Exhibit "F", is created, approved and incorporated by reference and PNC Bank, National Association is approved and appointed as Trustee of the said Trust;

2.    The said Trustee shall accept the settlement proceeds of the personal injury actions for the Incapacitated Person entitled Patterson v. Tenet Health System, et.al, and which were settled, such settlements approved  by order of Joseph D. O'Keefe, J., Administrative Judge of Orphans' Court Division, by Orders dated March 24ᵗʰ, 2006, and July 28ᵗʰ, 2006;  and shall administer the funds for the benefit of the Incapacitated Person  in accordance with the terms of the said Trust;

3.    The Trustee is authorized to pay from the principal of the Trust, the following:

a)    The Incapacitated Person's annual income taxes and one-half of the corporate trustee's commissions;

b)    $280,440.00 for the Incapacitated Person's estimated annual expenses in the first year, to the extent that income is insufficient, for items such as rehabilitative care; medical

consultant services; nursing home costs; special duty nursing care; equipment; and other expenses as estimated in the attached Petition as Exhibit "I", plus nursing home charges.

        c)     Outstanding invoice of Nursing Consultation Services, Ltd., in the amount of $2,800.00, as attached in Exhibit "J" of the Petition.

        d)     Outstanding counsel fees of $3,545.00 to Linda K. Hobkirk, Esquire, for services rendered as set forth in her attached statement through August 28, 2006, for preparation and filing of this Petition, revisions to trust, and meetings, correspondence and consultation with plaintiff's counsel, Rosalyn's family and proposed Trustee, as attached in Exhibit "K" of the Petition.

        e)     Outstanding Guardian's Fees for Linda K. Hobkirk, in the amount of $5,271.00 for services rendered as independent co-Guardian of the Estate of the Incapacitated Person from July, 2004 until August 28, 2006, as attached in Exhibit "L" of the Petition.

        f)     The trustee is authorized to invest in a home to be built in Concord Township, Pennsylvania, subject to final plans and contract of sale which are approved by the trustee, which is appropriate for the Incapacitated Person's needs, to be held as an asset of the Trust, in an amount not to exceed $955,000.

    4.     Surety is not ordered for the Guardians of the Estate, as all funds will be under the control and supervision of the court appointed Trustee.

Within ten (10) days from the date of the Order, the co-Guardians of the Estate shall file with the Orphans' Court an Affidavit certifying that all funds have been transferred to the Trustee.

                                     BY THE COURT:

                                     _____

                                            J.

COPIES SENT
PURSUANT TO Pa.R.C.P. 236(b)

SEP 1 1 2006

FIRST JUDICIAL DISTRICT OF PA
USER I.D.: _____

give all interested parties notice of the transactions that have occurred during the accounting

period. The dispositive provisions of the trust are set forth concisely in the Petition for

Adjudication as well as the annexed trust document. As the accountant notes:

> The Trust assets are to be held and administered primarily for the comfort and care of
> Rosalyn Patterson Walthour. Secondarily, the Trust assets are for the benefit of her
> spouse and issue, and following Rosalyn's death, for the benefit of her legal heirs.

According to the accountant, there are no issues for adjudication. It is stated that all parties

in interest had notice of the account. No objections were filed. The account shows a balance of

principal before distribution of $ 10,020,908.94 and a balance of income before distribution of

$1,011,441.27 for a total of $ 11,032,350.21. This sum, composed as stated in the account, plus

income received since the filing thereof, subject to distributions and disbursements already

properly made, and subject to any additional transfer inheritance tax as may be due and assessed,

is awarded as set forth in the Proposed Statement of Distribution as follows:

**Income**

| Proposed Distributees | Amount/Proportion |
| --- | --- |
| PNC Bank, N.A., Trustee | 100% |

**Principal**

| | |
| --- | --- |
| PNC Bank, N.A., Trustee` | 100% |

Leave is hereby granted to the accountants to make all transfers and assignments

necessary to effect distribution in accordance with this adjudication.

2

audit to all interested parties. According to the Trustee, Pennsylvania Transfer Inheritance Tax in the amount of $208,646.70 was paid on February 12, 2019. The Trustee claims principal commission of $415,776.68. A previous principal commission had been claimed in the amount of $128,889.29 for the period of October 10, 2006 through May 18, 2010. A reserve in the amount of $7,500 and $12,752.60 is requested for attorney fees and filing fee.

No objections were filed to the account, but the decedent's husband, Victor Walthour, filed a petition asserting that as of November 18, 2018 he "is the sole person who can make financial decisions." More specifically, he requests that the "court immediately remove PNC Bank, N.A., as Trustee and order PNC Bank, N.A. to immediately return all real property and personal property, including real property located at 809 Shavertown Road, Garnet Valley, Delaware Count, Pennsylvania to him."[2] This petition must be denied as moot because the Declaration of Trust for the Rosalyn Patterson Walthour Support Trust contains specific provisions for the distribution of any remaining trust assets upon Rosalyn's death. Paragraph IV (B), for instance, specifically states that fifty percent (50%) of the remaining trust assets should be distributed to Victor Walthour outright and free of trust. Hence, it is not necessary to remove PNC as trustee over the funds distributed to Victor Walthour. The remaining fifty percent of the trust assets are to be distributed in trust in equal shares to Rosalyn's children. Victor Walthour lacks standing to object to the continuing trusts for the benefit of Rosalyn's children. The petitioner's claim for the return of the real property located at 809 Shavertown Road cannot be granted because the sale of that property had been approved by a court order dated July 21, 2014. Significantly, no objection had been filed to PNC's petition seeking court approval of the sale of this property.

The account states a balance of principal before distribution of $11,253,175.94 and a balance of income before distribution of $1,740,309.89 for a total of $ 12,993,485.83. This sum, composed as stated in the account, plus income received since the filing thereof, subject to distributions already properly made, is awarded as set forth in the Petition for Adjudication as follows:

---

1  Victor Walthour was removed as guardian by decree and opinion dated March 24, 2010.
2  7/24/19 Petition by Victor Walthour.

*Had no obligations to inform court of anything*

2

## COURT OF COMMON PLEAS OF
## PHILADELPHIA COUNTY, PENNSYLVANIA
## ORPHANS' COURT DIVISION

### No. 520 IE OF 2004
### CONTROL NO. 112628

### ESTATE OF ROSALYN PATTERSON WALTHOUR,
### AN INCAPACITATED PERSON

*Finn* **DECREE**

**AND NOW,** this ___3rd___ day of ___January___ 2012, it is hereby Ordered and Decreed that the Petition of Victor Walthour to Remove PNC Bank, N.A. as Trustee of The Trust for Rosalyn Patterson Walthour is hereby DISMISSED.

**BY THE COURT:**

_____ J.

```
        COPIES SENT
PURSUANT TO Pa.R.C.P. 236(b)
      JAN   3 2012
FIRST JUDICIAL DISTRICT OF PA
USER I.D.:
```

Rosalyn Patterson Walthour, Incapacitated Person

20040052006040



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

PHILADELPHIA, PA 9101 OFFICIAL USE

| Certified Mail Fee | $3.50 | 0361 |
| | | 15 |

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00

Postmark Here

Postage $7.35

Total Postage and Fees $10.85

01/23/2020

Sent To LINDA Hohkirk
Street and Apt. No., or PO Box No. 604 S. Washington Sq Suit 1209
City, State, ZIP+4 Phila, Pa.

7019 2280 0000 0046 3002

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

JENKINTOWN, PA 1904 OFFICIAL USE

| Certified Mail Fee | $3.50 | 0361 |
| | | 15 |

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00

Postmark Here

Postage $7.35

Total Postage and Fees $10.85

01/23/2020

Sent To Paul Feldman
Street and Apt. No., or PO Box No. 820 Homestead Rd.
City, State, ZIP+4 Jenkintown, Pa. 19046

7019 2280 0000 0046 3019

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

PHILADELPHIA, PA 9101 OFFICIAL USE

| Certified Mail Fee | $3.50 | 0361 |
| | | 15 |

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00

Postmark Here

Postage $7.35

Total Postage and Fees $10.85

01/23/2020

Sent To John W. Herron
Street and Apt. No., or PO Box No. City Hall Rm. 371
City, State, ZIP+4 Phila. Pa.

7019 2280 0000 0046 3026

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions