## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR WALTHOUR | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | 20-cv-00068 |
| v. | : | |
| | : | |
| | : | |
| CITY OF PHILADELPHIA *et al.* | : | |
| | : | |
| Defendants | : | ***ELECTRONICALLY FILED*** |

# O R D E R

AND NOW this          day of                          2020, upon consideration of

the Motion to Dismiss Plaintiff's Complaint filed on behalf of Defendant

Honorable John W. Herron and any responses,

It is **ORDERED** and **DECREED** that the said Motion to Dismiss is hereby

**GRANTED**.  Plaintiff's Complaint is **DISMISSED** as to Judge Herron, with

prejudice.

**BY THE COURT:**


_____

                                                                          **J.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR WALTHOUR | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | No. 2:20-CV-00068 |
| v. | : | |
| | : | |
| | : | |
| CITY OF PHILADELPHIA *et al.* | : | |
| | : | |
| *Defendants* | : | ***ELECTRONICALLY FILED*** |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT FILED ON BEHALF OF DEFENDANT, THE HONORABLE JOHN W. HERRON

Defendant the Honorable John W. Herron, by and through undersigned counsel, moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12 (b)(1) and (6) on the following grounds, as set forth more fully in the accompanying Memorandum of Law:

1.     Plaintiff has filed a Complaint for violations of his constitutional rights against, *inter alia*, the Honorable John W. Herron, a Senior Judge of the Philadelphia County Court of Common Pleas who presided over aspects of an Orphans' Court case pertaining to Plaintiff's incapacitated wife, *In re Estate of Rosalyn Patterson Walthour*, No. 520 AI of 2004.

2.      Plaintiff's sole allegation regarding Judge Herron is that he conspired with his co-Defendants "to forge documents to sale (*sic*) property Mr. Walthour won in settlement."

3.      Plaintiff attaches to his Complaint a portion of Judge Herron's September 11, 2011 Orphans' Court Order, which references a settlement of a medical malpractice state Court action that pertains to Plaintiff's wife incapacity, as well as Judge O'Keefe's Orphans' Court March 24, 2006 Order authorizing the settlement of that lawsuit.

4.      Plaintiff's Compliant fails to contain a prayer for relief, which he avers is "to be named later."

5.      This is not Plaintiff's first lawsuit that challenges the manner in which Judge Herron presided over the underlying Philadelphia Orphans' Court case, as the Third Circuit Court of Appeals has previously affirmed this Court's dismissal of his suit against Judge Herron on the basis of res judicata, underscoring that it constituted yet another attempt to hold Judge Herron accountable in federal Court for the way he ruled in the state Court case.  (See November 16, 2017 Third Circuit Opinion attached as Exhibit "A," *Walthour v. Judge John Herron et al*., No. 16-3944.)

6.      The Third Circuit Opinion noted that Plaintiff had filed the following prior actions against Judge Herron based upon his handling of the underlying Orphans' Court matter and the March 24, 2010 guardianship termination Order:  *Walthour v. Judge John Herron*, U.S.D.C. - E.D. No. 10-cv-1495; No. 11-cv-1690; No. 13-cv-112 and No. 16-2162.

7.      Plaintiff's claims here are barred by res judicata and collateral estoppel.

8.       Plaintiff's claims against Senior Judge Herron in his official capacity are also precluded by the immunity afforded by the Eleventh Amendment to the United States Constitution.

9.       Plaintiff's official capacity claims against Senior Judge Herron must fail because  the Philadelphia Court of Common Pleas over which he presided at all times relevant is not "a person" subject to suit under 42 U.S.C. §1983.

10.      Any claims against Senior Judge Herron in his individual capacity are prohibited by absolute judicial immunity.

11.      Plaintiff's claims are barred by the doctrine of *Rooker-Feldman*.

12.      Plaintiff failed to properly serve his Complaint in this case on Judge Herron in keeping with the Federal Rules of Civil Procedure, but instead mailed it to him, thus depriving this Honorable Court of *in personam* jurisdiction.  See *Atl.*

*Pier Assocs. v. Boardakan Rest.*, 647 F. Supp.2d at 474, 485 (3d Cir. 2009);

*Tagayun v. Lever & Stolzenberg*, 239 Fed. Appx. 708 (3d Cir. 2007).

13.     Plaintiff has failed to state a claim for conspiracy upon which relief can be granted.

14.     Any request on the part of Plaintiff for leave to amend his Complaint would be futile in light of the legal defenses set forth herein.

**WHEREFORE** Defendant the Honorable John W. Herron respectfully requests that this Honorable Court grant his Motion and dismiss Plaintiff's Complaint as to him, with prejudice.

Respectfully submitted,

**/s/ Martha Gale**
MARTHA GALE, ESQUIRE
Attorney I.D. No. PA  22190
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486
***Attorney for Defendant,***
***Honorable John Herron***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR WALTHOUR | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | No. 2:20-CV-00068 |
| | : | |
| | : | |
| CITY OF PHILADELPHIA *et al*. | : | |
| | : | |
| *Defendants* | : | ***ELECTRONICALLY FILED*** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FILED ON BEHALF OF DEFENDANT
HONORABLE JOHN W. HERRON**

**I.     INTRODUCTION**

Plaintiff has filed a Complaint for violations of his constitutional rights

against, *inter alia*, the Honorable John W. Herron, a Senior Judge of the

Philadelphia County Court of Common Pleas who presided over aspects of an

Orphans' Court case pertaining to Plaintiff's incapacitated wife, *In re Estate of

Rosalyn Patterson Walthour*, No. 520 AI of 2004.

Plaintiff's sole allegation regarding Judge Herron is that he conspired with

his co-Defendants "to forge documents to sale (*sic*) property Mr. Walthour won in

settlement."  He attaches to his Complaint a portion of Judge Herron's September

11, 2011 Orphans' Court Order, which references a settlement of a medical

malpractice state Court action that pertains to Plaintiff's wife incapacity, as well as Judge O'Keefe's Orphans' Court March 24, 2006 Order authorizing the settlement of that lawsuit.   The Compliant fails to contain a prayer for relief, which he avers is "to be named later."

This is not Plaintiff's first lawsuit that challenges the manner in which Judge Herron presided over the underlying Philadelphia Orphans' Court case, as the Third Circuit Court of Appeals has previously affirmed this Court's dismissal of his suit against Judge Herron on the basis of res judicata, underscoring that it constituted yet another attempt to hold Judge Herron accountable in federal Court for the way he ruled in the state Court case.  (See November 16, 2017 Third Circuit Opinion attached as Exhibit "A," *Walthour v. Judge John Herron et al*., No. 16-3944.)

Because Plaintiff's claims remain barred by res judicata and collateral estoppel as well as the other defenses set forth herein, Senior Judge Herron files this Motion to Dismiss because this lawsuit is properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

## II.   LEGAL ARGUMENT

### A.   PRECLUSION DOCTRINES BAR PLAINTIFF'S CLAIMS AGAINST JUDGE HERRON BECAUSE HE HAS PREVIOUSLY RAISED THE SAME AND/OR RELATED CLAIMS IN FEDERAL COURT

Plaintiff previously sued Judge Herron in this Honorable Court in five prior actions, challenging Judge Herron's rulings in state Court because he believes they were wrong:  *Walthour v. Judge John Herron*, U.S.D.C. - E.D. No. 10-cv-1495; No. 11-cv-1690; No. 13-cv-112 and No. 16-2162.  Moreover, the Third Circuit Court of Appeals previously decided this matter on an appeal on the basis of res judicata.  (See Exhibit "A," *Walthour v. Judge John Herron et al*., No. 16-3944.)

The Third Circuit employs a "broad view" in determining what constitutes the same cause of action for res judicata purposes.  *Sheridan v. NGK Metals Corp*., 609 F.3d 239 (3d Cir. 2010).  The Court has held that factual differences in a subsequent suit cannot overcome res judicata because the focus is on the "essential similarity of the underlying events giving rise to the various legal claims." *Lewis v. Smith*, 361 Fed. Appx. 421, 424 n.5 (3d Cir. 2010), cert denied, 2010 WL 1685331 (U.S. June 28, 2010).

The issues here are the same as this Court's prior adjudications to which Judge Herron was a party.  The federal Court Orders dismissing the prior cases were considered final judgments on the merits.  See *Yates v. City of Philadelphia*,

1991 U.S. Dist. 13075 (E.D. Pa. 1991)(holding that a dismissal via preliminary objections is a final judgment on the merits); *U.S. Nat'l Bank in Johnstown v. Johnson*, 487 A.2d 809, 813 (Pa. 1985). "It has long been the rule that principles of res judicata apply to jurisdictional determinations – both subject matter and personal." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n. 9 (1982); *Grey v. New Jersey*, 91 Fed. Appx. 747, 751 (3d Cir. 2003). Plaintiff has had a full and fair opportunity to litigate the issue of his guardianship in state and federal Court. See *Walsh v. Quinn*, 359 Fed. Appx. 273, 275 (3d Cir. 2009), cert. denied, 131 S. Ct. 230 (2010), holding that a dismissal pursuant to Rule 12(b)(6) satisfies the full and fair opportunity requirement.

Plaintiff's claims are prohibited by issue preclusion and by claim preclusion, which is broader than issue preclusion: <u>it prohibits claims that not only were litigated, but also those that could have been</u>. *Turner v. Crawford Square Apts. III, L.P.,* 449 F.3d 542, 548 (3d Cir. 2006) For the doctrine of res judicata to prevail, Pennsylvania Courts require that the two actions share the following four conditions: (1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued. *Id*.

Here, the thing sued upon is the same because the same events underlie all five cases. The question as to whether the causes of action are the same concerns

whether the underlying events giving rise to the legal claims are essentially similar,
which is clearly true here. *Id*. at 549. If they are, preclusion applies.

Advancing a different legal theory in the later case does not necessarily give
rise to a new cause of action, *Id*., and the courts employ a broad view in deciding
whether the cause of action is the same. *Sheridan v. NGK Metals Corp*., 609 F.3d
239, 261 (3d Cir. 2010). Although Plaintiff now raises the issue of real property
involved in the underlying Orphans' Court action, the issue, or claim, as to Judge
Herron's handling of the case has been heard on legal grounds and rejected by this
Honorable Court and the Third Circuit.

The underlying events in this case are identical with those addressed
previously by this Court, and arise from the exact actions complained of in the
prior cases.  The Third Circuit has held that factual differences in a subsequent
suit cannot overcome res judicata because the focus is on the "essential similarity
of the underlying events giving rise to the various legal claims." *Lewis v. Smith*,
361 Fed. Appx. 421, 424 n.5 (3d Cir. 2010), cert denied, 2010 WL 1685331 (U.S.
June 28, 2010).

Plaintiff has been given a full and fair opportunity to present the identical
issues pertaining to Judge Herron previously, which were rejected and resulted in
dismissal.  Plaintiff has brought this lawsuit, and cannot do so again.  Because

Plaintiff has no arguable basis in law or fact to re-litigate this issue, his claims are properly dismissed.

**B.**   **THE IMMUNITY AFFORDED BY THE ELEVENTH AMENDMENT BARS PLAINTIFF'S CLAIMS AGAINST JUDGE HERRON IN HIS OFFICIAL CAPACITY.**

**1.**   **Judge Herron Is a State Official Entitled to Eleventh Amendment Immunity.**

Eleventh Amendment to the United States Constitution acts as a bar to actions in federal Court to suits against states, state agencies, and state officials acting within the scope of their official capacities.  *See Kentucky v. Graham*, 473 U.S. 159, 165-167 (1985).

A suit against a state official in his official capacity is deemed a suit against the state, as in such circumstances, the real party in interest is the government entity of which the official is an agent.  *Hafer v. Melo*, 502 U.S. 21, 26 (1991); *Kentucky v. Graham*, *supra*. at 166.  Thus, this suit against Judge Herron constitutes a suit against the Philadelphia Court of Common Pleas, which is a component of the Commonwealth of Pennsylvania.

The Philadelphia Court of Common Pleas is an entity of the Unified Judicial System of Pennsylvania pursuant to 42 Pa. C.S. § 301(4).  The Pennsylvania Constitution identifies all state courts as part of the Commonwealth of Pennsylvania.  Pa. Const. Art. V §§ 1, 5, 6(c), 10(a).  The term "Commonwealth government" includes "the courts and other officers or agencies of the unified

judicial system." 42 Pa. C.S. 102.  See also *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000); *Benn v. First Judicial District*, 426 F.3d 233, 239-40 (3rd Cir. 2005)(citing *Pennhurst State School v. Haldeman*, 465 U.S. 89, 100 (1984) and *Hans v. Louisiana*, 134 U.S. 1 (1890)(the Third Circuit Court of Appeals definitively ruled that Pennsylvania's Court entities constitute Commonwealth entities entitled to federal Eleventh Amendment immunity).

1 Pa. C.S. §2310 provides that "the Commonwealth and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." (Emphasis added.)  *See also* 42 Pa. C.S. § 8521.  Pennsylvania has not waived its Eleventh Amendment immunity. *See Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3rd Cir. 1981).  For this reason, state entities of this Commonwealth are not subject to the waiver exception to sovereign immunity, but are entitled to full protection under the Eleventh Amendment.

The United States Supreme Court has repeatedly held that the enabling statute for civil rights actions, 42 U.S.C. § 1983, does not abrogate Eleventh Amendment immunity.  See *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989); *Koslow v. Pennsylvania*, 302 F.3d 161 (3rd Cir. 2002)  Thus, all claims against Senior Judge Herron in his official capacity are properly dismissed.

## 2.    The Philadelphia County Court of Common Pleas Is not "a Person" Subject to Suit under 42 U.S.C. §1983.

The enabling statute for civil rights claims requires an allegation that a "person" committed a violation.  It is well settled, however, that a state defendant sued in an official capacity is not "a person" under Section 1983 and cannot be held liable for damages.  *Will v. Michigan Department of State Police*, 491 U.S. 58, 63 (1989).  This is true because, as set forth above, when a state official is sued in an official capacity, the real party in interest is the government entity of which the official is an agent.  *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

Also as discussed above, the Philadelphia Court of Common Pleas is a component of the Unified Judicial System of Pennsylvania, and as such, is a state entity, and not "a person" under Section 1983.  *See Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000).

Because it has been determined unequivocally that states and state agencies are not "persons" for purposes of Section 1983, Plaintiff's claims against Judge Herron for violations of his civil rights must fail.

## C.    INDIVIDUAL CAPACITY CLAIMS AGAINST JUDGE HERRON ARE BARRED BY JUDICIAL IMMUNITY

A judge is immune from liability for all acts taken in his or her judicial capacity.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006).  Judicial immunity is not only immunity from

damages, but also immunity from suit.  *Mireles v. Waco*, 502 U.S. 9, 11 (U.S. 1991).  A "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  *Stump*, 435 U.S. at 356.

Judicial immunity is not forfeited because a judge committed "grave procedural errors," or because a judge has conducted a proceeding in an "informal and ex parte" manner.  *See Gallas v. Supreme Court*, 211 F.3d 760, 770 (3rd Cir. 2000), citing *Forrester v. White*, 484 U.S. 219, 227   (1988)("the informal and ex parte nature of a proceeding has not been thought to imply that an act otherwise within a judge's lawful jurisdiction was deprived of its judicial character.")  *See Stump*, 435 U.S. at 363, n. 12.

Immunity will not be lost merely because the judge's action is controversial or unfair.  *Id*.  A judge is immune even if the acts were committed during an alleged conspiracy.  *Dennis v. Sparks*, 449 U.S. 24 (1980).  The doctrine of judicial immunity applies to Section1983 civil rights claims.  *Id.*; *Corliss v. O'Brien*, 200 Fed. Appx. 80 (3rd Cir. 2006).

Judges are immune from liability when the judge has jurisdiction over the subject matter; and s/he is performing a judicial act.  *Stump*, 435 U.S. at 356.

Whether an act is "judicial" depends on "whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id*. at 362.

The only instance in which a judge will be subject to liability is for actions taken "in the clear absence of all jurisdiction," *Stump v. Sparkman, supra*. at 356, which is not the case here.  The jurisdiction of the Pennsylvania Courts of Common Pleas is set forth in the Judicial Code.   42 Pa. C.S. § 931(a) provides that "the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas.

Plaintiff's allegations reveal that his interaction with Judge Herron occurred in the context of a legal proceeding in which Plaintiff disagreed with his rulings. He does not allege, nor can he, that Judge Herron lacked jurisdiction to issue his orders.  Judge Herron's making decisions and issuing orders are quintessential judicial acts.  Even if it is accepted as true at this stage of the proceedings that Judge Herron's actions were in error,  malicious or in excess of his authority, his adjudicative decisions were issued with appropriate jurisdiction and in his judicial capacity.  For this reason, absolute immunity attaches in his individual capacity. *Stump* at 356; *Azubuko* at 303.

**D.    PLAINTIFF'S CLAIMS ARE BARRED BY THE *ROOKER-FELDMAN* DOCTRINE**

Plaintiff's Complaint fails to contain a specific prayer for relief, although it appears that he asks this Honorable Court to determine that Judge Herron's state Court's rulings were wrongly decided.  It is well settled, however, that federal Courts are courts of original jurisdiction and lack jurisdiction to review state court judgments where the relief sought is in the nature of appellate review.  *District of Columbia Court of Appeals v. Feld*man, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  Under the *Rooker-Feldman* doctrine, a federal district Court has no authority to review the propriety of judgments of a state Court where the losing state court party complains of injuries from the state court rulings, which is exactly what Plaintiff here attempts.  *Gary v. Braddock Cemetery*, 517 F.3d 195, 201 (3d Cir. 2008).

Because jurisdiction to review a state Court's decision rests in the Pennsylvania appellate Courts, federal district courts lack subject matter jurisdiction over challenges that are the functional equivalent of an appeal of a state Court judgment.  *Marran v. Marran*, 376 F.3d 143, 149 (3d Cir. 2004).

Under the *Rooker-Feldman* doctrine, District Courts are barred from "entertaining an action . . . if the relief requested effectively would reverse a state court decision or void its ruling."  *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006).  In *In re Madera*, 586 F.3d 228, 232 (3rd Cir. 2009), the

Third Circuit Court of Appeals held that "(t)he *Rooker-Feldman* doctrine is implicated when, in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual."

Plaintiff is dissatisfied with the outcome of a case in state Court and comes to this venue "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil v. Saudi Basic Industries Corp*., 544 U.S. 280, 284 (2005). Pursuant to the *Rooker-Feldman* doctrine, however, this Honorable Court lacks subject matter jurisdiction over his claims and his request that this Court revisit state Court rulings.

### E.   PLAINTIFF'S COMPLAINT FAILS TO PRESENT A COGNIZABLE CLAIM FOR CONSPIRACY

In order to state an adequately specific conspiracy claim, a plaintiff must plead with particularity the "circumstances" of the alleged wrongdoing in order to place the defendants on notice of the precise misconduct with which they are being charged. Only allegations of conspiracy which are particularized, such as those addressing (1) the period of the conspiracy, (2) the object of the conspiracy, and (3) certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient. *Labalokie v. Capitol Area Intermediate Unit*, 926 F. Supp. 503, 508-09 (M.D. Pa. 1996)(quoting *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989).

The Third Circuit has set forth the three criteria required for a plaintiff to set forth a civil rights conspiracy claim:  (1) the conduct that violated the plaintiff's rights; (2) the time and place of the conduct; and (3) the identity of the officials responsible for the conduct.  *Simon v. Tennis*, 437 Fed. Appx. 60 LEXIS 14409 (3rd Cir. 2011).

"A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right . . . Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity."  *Matthews v. Beard*, 2012 U.S. Dist. LEXIS 82650 (W.D. Pa. 2012).  See also *Young v. Kann*, 926 F.2d 1396, 1405 n. 16 (3rd Cir. 1991)(a plaintiff cannot rely on subjective suspicions and unsupported speculation in a complaint alleging a civil rights conspiracy); *Capogroso v. Supreme Court of New Jersey*, 588 F.3d 180 (3rd Cir. 2009).

Plaintiff here claims in a conclusory fashion that the named Defendants conspired to forge documents to sell a property that rightfully belonged to him, but fails to set forth factual allegations in support of that claim.  No averments pertain to the conduct that constituted conspiratorial action or violated Plaintiff's rights, any actions of the alleged conspirators taken to achieve that purpose, or as to the

time and place of that conduct.  Thus, even if immunity did not protect Judge

Herron from suit under the civil rights laws, which it clearly does, Plaintiff has

failed to allege facts that could potentially prove a civil rights conspiracy.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, the Honorable John W. Herron respectfully

requests that this Honorable Court dismiss Plaintiff's Complaint as to him, with

prejudice.

Any request on the part of Plaintiff for leave to amend his Complaint would

be futile since the Court lacks subject-matter jurisdiction over his claims, and he

cannot state a claim upon which relief can be granted in light of the legal defenses

set forth above.  *See Miklavic v. USAir, Inc.*, 21 F.3d 551, 557-58 (3d Cir. 1994);

*Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

Respectfully submitted,

**/s/ Martha Gale                            **
MARTHA GALE, ESQUIRE
Attorney I.D. No. PA  22190
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486
*Attorney for Defendant,*
*Honorable John W. Herron*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VICTOR WALTHOUR | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | No. 2:20-CV-00068 |
| v. | : | |
| | : | |
| | : | |
| CITY OF PHILADELPHIA *et al.* | : | |
| | : | |
| *Defendants* | : | ***ELECTRONICALLY FILED*** |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on February 10, 2020, she caused to be served upon the following a copy of the foregoing *Motion to Dismiss and Brief in Support of Motion* via CM/ECF to all counsel of record and by mailing same first class postage pre-paid mail to:

> Victor Walthour
> 3175 Hammond Drive
> Garnet Valley, PA  19060
> ***Pro Se Plaintiff***

> /s/ **Martha Gale**_____
> MARTHA GALE, ESQUIRE
> Attorney I.D. No. PA  22190
> Supreme Court of Pennsylvania
> Administrative Office of PA Courts
> 1515 Market Street, Suite 1414
> Philadelphia, PA 19102
> legaldepartment@pacourts.us
> (215) 560-6300, Fax: (215) 560-5486
> ***Attorney for Defendant,***
> ***Honorable John W. Herron***