## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| VICTOR WALTHOUR, | | : | CIVIL ACTION |
| | Plaintiff | : | |
| vs. | | : | NO.  20-cv-00068 |
| | | : | |
| PAUL FELDMAN et al | | : | |
| | Defendants | : | |
| | | : | |

## ORDER

AND  NOW,  this  _____  day  of  _____,  2020,  upon

consideration  of  the  Motion  to  Dismiss  filed  by  Defendant  Paul  Feldman,  and  any  response

thereto, it is hereby ORDERED that the Motion is GRANTED.

Plaintiff's Complaint is hereby DISMISSED, with prejudice.


BY THE COURT:


_____
                                                    J.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| VICTOR WALTHOUR, | | : | CIVIL ACTION |
| | Plaintiff | : | |
| vs. | | : | NO.  20-cv-00068 |
| | | : | |
| PAUL FELDMAN et al | | : | |
| | Defendants | : | |
| | | : | |

### DEFENDANT PAUL FELDMAN'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT
### PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant, Paul Feldman ("Feldman"), by and through his undersigned counsel, files this Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and in support thereof avers as follows:

1.      Plaintiff Victor Walthour ("Walthour") filed a *pro se* Complaint on or about January 3, 2020, against several Defendants, including Feldman, alleging only that Defendants "illegal selling of property located at 809 Shavertown Road, Garnet Valley PA 19060 … by conspiring with [other defendants] to forge documents [to do so]" See Exhibit "A", attached hereto.

2.      Walthour had previously filed *pro se* Complaints dated February 18, 2010 (Civil Action #10-00682) and on or about May 26, 2016 (Civil Action 16-2162), against the same Defendants, including Feldman, making the same allegations which resulted in Orders and Opinions from the Honorable Joel H. Slomsky dated August 27, 2010 and the Honorable Mark A. Kearney dated September 22, 2016, respectively, attached hereto as Exhibits "B" and "C", respectively.

3.      Paragraph 3 of Judge Kearney's Order dated September 2, 2016 reads as follows:

Having found Mr. Walthour is continually abusing the judicial process by filling

meritless and repetitive actions, absent leave granted by this Court upon Mr.

Walthour's showing of good cause before filing another action, Mr. Walthour may

not file further lawsuits based upon his allegations against Defendants named in

this case relating to the March 24, 2010 Order.

See Exhibit "C".

4.      Walthour appealed to the United States Court of Appeals for the Third Circuit,

which affirmed the District Court's dismissal of the claim by Opinion dated November 16, 2017

(attached as Exhibit "D").   The Third Circuit noted that "Walthour's Complaint was plainly

barred by the principles of res judicata." Id. at *4-5.

5.      Plaintiff is a serial Federal Court filer and

has previously attempted to litigate claims in this Court based on several of the same
events giving rise to plaintiff's claims in this case. See *Walthour v. Herron*, E.D. Pa. Civ.
A. No. 13-112; *Walthour v. Herron*, E.D. Pa. Civ. A. No. 11-1690; *Walthour v. Herron*,
E.D. Pa. Civ. A. No. 10-1495; *Walthour v. Gibson*, E.D. Pa. Civ. A. No. 10-682. Plaintiff
did not prevail in any of those cases. To the extent plaintiff is reasserting repetitive claims
here, the Court will dismiss those claims as malicious. ..."[A] district court may dismiss
a complaint as malicious if it is plainly abusive of the judicial process or merely repeats
pending or previously litigated claims."

*Walthour v. Feldman*, 2015 U.S. Dist. LEXIS 171056 (December 29, 2015)(Jones, J.)(citations

omitted). In addition to those cases cited by Judge Jones, various other lawsuits filed by Plaintiff

have been dismissed, including *Walthour v. Feldman*, C.A. No. 15-6643 (Jones, J.); *Walthour v.*

*C. Darnell Jones, II*, C.A. No. 15-1530 (Slomsky, J.); *Walthour v. Hon. Mark A. Kearney*, C.A.

No. 17-4951 (Slomsky, J.); *Walthour v. Judge John W. Herron*, C.A. No. 17-5197 (Slomsky, J.).

See Exhibit "E".

6.     Here, Walthour is simply rehashing the same issues that have been rejected over and over again. His new complaint flies in the face of Judge Kearney's September 2, 2016 Order requiring Walthour to show good cause before filing another motion[1].

WHEREFORE, Defendant, Paul Feldman, respectfully requests that Plaintiff's Complaint be dismissed with prejudice for failing to state a cause of action upon which relief may be granted and barred by res judicata.

**DEAN E. WEISGOLD, P.C.**

By:   /s/ Dean E. Weisgold (DEW9922)
DEAN E. WEISGOLD, ESQUIRE
I.D. No. 52927
1835 Market Street, Suite 1215
Philadelphia, PA 19103
(215) 979-7602 (Phone)
(215) 599-0322 (fax)
Email: dean@weisgoldlaw.com
Attorney for Defendant
Paul Feldman

---

[1] Walthour filed a "Request to Amend" seeking to include Dean E. Weisgold, P.C. as a party on February 3, 2020. See Exhibit "F". Dean E. Weisgold, P.C. is the law firm that successfully represented co-defendant PNC Bank in an ejectment action against Walthour.  See January 8, 2013 Findings of Fact, Conclusions of Law, Verdict and Judgment Order of the Honorable G. Michael Green of the Court of Common Pleas of Delaware County in the case of *PNC Bank, N.A. v. Victor Walthour*, No. 10-15303, attached hereto as exhibit "G".

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| VICTOR WALTHOUR, | | : | CIVIL ACTION |
| | Plaintiff | : | |
| vs. | | : | NO. 20-cv-00068 |
| | | : | |
| PAUL FELDMAN et al | | : | |
| | Defendants | : | |

DEFENDANT PAUL FELDMAN'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

## I.    STATEMENT OF FACTS

Plaintiff Victor Walthour ("Walthour") filed a *pro se* Complaint on or about January 3, 2020, against several Defendants, including Feldman, alleging only that Defendants "illegal selling of property located at 809 Shavertown Road, Garnet Valley PA 19060 … by conspiring with [other defendants] to forge documents [to do so]" See Exhibit "A", attached hereto.

Walthour had previously filed *pro se* Complaints dated February 18, 2010 (Civil Action #10-00682) and on or about May 26, 2016 (Civil Action 16-2162), against the same Defendants, including Feldman, making the same allegations which resulted in Orders and Opinions from the Honorable Joel H. Slomsky dated August 27, 2010 and the Honorable Mark A. Kearney dated September 22, 2016, respectively, attached hereto as Exhibits "B" and "C", respectively.

Paragraph 3 of Judge Kearney's Order dated September 2, 2016 reads as follows:

> Having found Mr. Walthour is continually abusing the judicial process by filling
>
> meritless and repetitive actions, absent leave granted by this Court upon Mr.
>
> Walthour's showing of good cause before filing another action, Mr. Walthour may

> not file further lawsuits based upon his allegations against Defendants named in
> this case relating to the March 24, 2010 Order.

See Exhibit "C".

Walthour appealed to the United States Court of Appeals for the Third Circuit, which affirmed the District Court's dismissal of the claim and by Opinion dated November 16, 2017 (attached as Exhibit "D"). The Third Circuit noted that "Walthour's complaint was plainly barred by the principles of res judicata." Id. at *4-5.

Here, Walthour is simply rehashing the same issues that have been rejected over and over again. His new complaint flies in the face of Judge Kearney's September 2, 2016 Order requiring Walthour to show good cause before filing another motion.

> Plaintiff is a serial Federal Court filer and
>
> has previously attempted to litigate claims in this Court based on several of the same events giving rise to plaintiff's claims in this case. See *Walthour v. Herron*, E.D. Pa. Civ. A. No. 13-112; *Walthour v. Herron*, E.D. Pa. Civ. A. No. 11-1690; *Walthour v. Herron*, E.D. Pa. Civ. A. No. 10-1495; *Walthour v. Gibson*, E.D. Pa. Civ. A. No. 10-682. Plaintiff did not prevail in any of those cases. To the extent plaintiff is reasserting repetitive claims here, the Court will dismiss those claims as malicious. ..."[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims."

*Walthour v. Feldman*, 2015 U.S. Dist. LEXIS 171056 (December 29, 2015)(Jones, J.)(citations omitted). In addition to those cases cited by Judge Jones, various other lawsuits filed by Plaintiff have been dismissed, including *Walthour v. Feldman*, C.A. No. 15-6643 (Jones, J.); *Walthour v. C. Darnell Jones, II*, C.A. No. 15-1530 (Slomsky, J.); *Walthour v. Hon. Mark A. Kearney*, C.A. No. 17-4951 (Slomsky, J.); *Walthour v. Judge John W. Herron*, C.A. No. 17-5197 (Slomsky, J.). See Exhibit "E".

2

## II.   <u>LEGAL ARGUMENT</u>

The standard of review applicable to Motions to Dismiss is well-established.  A Motion to Dismiss shall be granted where it appears that the Plaintiff can prove no set of facts which would support his claim and would entitle him to relief. *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

According to Fed. R. Civ. P. 12(b)(6), a pleader may raise the defense of failure to state a claim upon which relief can be granted by Motion.  In deciding a 12(b)(6) Motion, the Court must "accept as true all allegations and reasonable inferences that can be drawn from them after construing them in a light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d. Cir. 1994).  "While the Plaintiff is not required to set out in detail the facts upon which the claim is based, he must, either through direct allegations or inferences, state all the material elements for recovery under the relevant legal theory." *Hicks v. Arthur,* 843, F. Supp. 949, 954 (E.D. Pa. 1994) (citing Charles A. Wright & Arthur Miller, 5 Federal Practice & Procedure, §1216 at 154-59 (1990)).  Rule 8 (a)(2) of the Federal Rules of Civil Procedure states that a "pleading that states a claim for relief must contain …a short and plain statement of the claim showing that the pleader is entitled to relief." *Walthour v. Child & Youth Services*, 2009 U.S. Dist. LEXIS 118845 (E.D. Pa. 2009 (Slomsky, J.). "Rule  8 (d)(1) states that "[e]ach allegation must be simple, concise, and direct. Therefore, a complaint filed with this Court must be pled with sufficient specificity to give the defendant fair notice of what claim is being pressed against him so that he can make an adequate response." Id. (citations omitted).  A Complaint may be dismissed when the facts as pleaded and the reasonable inferences drawn therefrom are legally insufficient to support the relief sought. *See, e.g.,*

3

*Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 179 (3d. Cir. 1988).

> As plaintiff is proceeding *in forma pauperis*, the Court must screen his complaint and dismiss it if, among other things, it is malicious or fails to state a claim. See 28 U.S.C. Section 1915(e)(2)(B)(i) and (ii). To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 937, 173 L.Ed.2d 868 (2009(quotations omitted). "Mere conclusory statements[] do not suffice" Id. As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. AG of the United States*, 655 F.3d. 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

*Walthour v. Feldman*, 2015 U.S. Dist. LEXIS 171056 (December 29, 2015)(Jones, J.).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice in defeating a Rule 12 (b)(6) motion to dismiss." *Walthour v. Child & Youth Services*, 728 F. Supp.2d 628, 635 (E. D. Pa. 2010)(Slomsky, J.). Judge Slomsky held as follows in dismissing a complaint filed by Plaintiff:

> Applying the principles of *Iqbal*, the Third Circuit in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009), articulated a two part analysis that district courts in this Circuit must conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss....First, the factual and legal elements of a claim should be separated, meaning "a District Court must accept all of the complaint's well=pleaded facts as true, but may disregard any legal conclusions." ... Second, the Court must determine whether the facts alleged in the complaint demonstrate that the plaintiff has a "plausible claim for relief." ...In other words, a complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts..."Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not "shown" – that the pleader is entitled to relief....This "plausibility" determination under step two of the analysis is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Id. at 635-636 (citations omitted).

Walthour's Complaint fails to assert any colorable cause of action against Feldman or any other defendant. The Complaint is devoid of *any* factual allegations against Feldman or any other defendant that would entitle Walthour to relief. There are simply no allegations which

4

would support a legal claim against Feldman, or any other defendant. Plaintiff should not be granted leave to amend because it appears that any amendment would be futile. Accordingly, Plaintiff's Complaint should be dismissed, with prejudice.

## III.   CONCLUSION

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,
**DEAN E. WEISGOLD, P.C.**


By:  /s/ Dean E. Weisgold (DW9922)
DEAN E. WEISGOLD, ESQUIRE
I.D. No. 52927
1835 Market Street, Suite 1215
Philadelphia, PA 19103
(215) 979-7602 (phone)
(215) 599-0322 (fax)
Email: dean@weisgoldlaw.com
Attorney for Defendant
Paul Feldman

5

## CERTIFICATE OF SERVICE

I, DEAN E. WEISGOLD, ESQUIRE, hereby certify that a true and correct copy of Defendant Paul Feldman's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), was sent to Plaintiffs via regular first class mail, postage prepaid, and all other parties via ECF, on February 10, 2020.

Victor Walthour
3175 Hammond Drive
Garnet Valley, PA 19060

PNC Bank, N.A.
1600 Market Street
Philadelphia, PA 19103
Attention: Legal Department

Linda K. Hobkirk, Esquire
Two Bala Plaza, Suite 300
Bala Cynwyd, PA 19004

Sean J. McGrath, Esquire
City of Philadelphia Law Dept.
1515 Arch Street, 15th Floor
Philadelphia, PA 19102

Martha Gale, Esquire
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102

Respectfully submitted,
**DEAN E. WEISGOLD, P.C.**

By:   /s/ Dean E. Weisgold (DEW9922)
DEAN E. WEISGOLD, ESQUIRE
I.D. No. 52927
1835 Market Street, Suite 1215
Philadelphia, PA 19103
(215) 979-7602 (phone)
(215) 599-0322 (fax)
Email: dean@weisgoldlaw.com