## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **VICTOR WALTHOUR,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | **Case Number** |
| | : | **20-cv-00068** |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2020, upon consideration of Defendant the City of Philadelphia's Motion to Dismiss and Memorandum of Law in Support and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED** and that Plaintiff's Complaint is **DISMISSED with prejudice.**

BY THE COURT:

_____
The Honorable Chad F. Kenney
United States District Court Judge

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **VICTOR WALTHOUR,** | : |
| **Plaintiff,** | : |
| | : |
| **V.** | : **Case Number** |
| | : **20-cv-00068** |
| **CITY OF PHILADELPHIA, et al.,** | : |
| **Defendants.** | : |
| | : |
| | : |

## <u>DEFENDANT CITY OF PHILADELPHIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)</u>

Defendant, the City of Philadelphia, hereby files this Motion to Dismiss Plaintiff Victor

Walthour's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Pursuant to Local Rule 7.1(c), Defendant hereby incorporates by reference the attached

Memorandum of Law as though fully set forth at length herein.


Respectfully submitted,


Date: <u>February 14, 2020</u>          <u>s/ *Sean McGrath*</u>
                                      Sean McGrath
                                      Assistant City Solicitor
                                      City of Philadelphia Law Department
                                      1515 Arch Street, 15th Floor
                                      Philadelphia, PA 19102
                                      (215) 683-5444
                                      sean.mcgrath@phila.gov

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTOR WALTHOUR,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | **Case Number** |
| | : | **20-cv-00068** |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF PHILADELPHIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (12(b)(6)

Defendant, the City of Philadelphia, by and through its undersigned counsel, hereby files this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Victor Walthour's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## I.   INTRODUCTION

Plaintiff's Complaint has numerous jurisdictional and substantive defects, each of which mandates dismissal. First, the Complaint seeks review of a state-court decision over which the Court lacks jurisdiction under the *Rooker-Feldman* doctrine. Second, even if the Court could grant Plaintiff relief without invalidating a state court, jurisdiction is still lacking because the Complaint's allegations do not support either federal question or diversity jurisdiction. Third, regardless of jurisdictional defects, the Complaint fails to allege any claim against the City and should therefore be dismissed pursuant to Rule 12(b)(6).

For all of these reasons, the City respectfully requests the Complaint be dismissed with prejudice.

1

## II.     FACTS AND PROCEDURAL HISTORY

Plaintiff Victor Walthour filed a pro se Complaint on January 3, 2020 against the City of Philadelphia, as well as the Honorable Judge John Herron, Paul Feldman, Linda Hobkirk, and PNC Bank. Compl., ECF No. 1. Several of Plaintiff's filings have included attachments of various orders and opinion excerpts from state court decisions concerning a trust created for Mr. Walthour's wife, Rosalyn Patterson Walthour. Attached to the Complaint, for example, was a March 24, 2006 Order from the Philadelphia Court of Common Pleas approving a settlement in which $6,621,570.80 was paid to Plaintiff and Linda Hobkirk as co-guardians of the Estate of Ms. Walthour to be placed in a trust. Compl. 7-9, ECF No. 1. Plaintiff's January 15, 2020 letter to the court included a September 11, 2006 Court of Common Pleas Order appointing Defendant PNC Bank as the Trustee of Ms. Walthour's trust. Pl.'s January 15, 2020 Letter 2, ECF No. 3. Plaintiff's Proof of Service on the City and PNC Bank included an attached January 8, 2013 Delaware County Court of Common Pleas Order granting an action by PNC Bank to eject Plaintiff from the property located at 809 Shavertown Road, Concord Township, Delaware County Pennsylvania. Proof of Service 3, ECF No. 5. Those attachments indicate Defendants Herron, Feldman, Hobkirk, and PNC Bank [hereinafter "Trust Defendants"] were involved in one or several of the state court proceedings involving Ms. Walthour's trust.

The Complaint alleges that the Trust Defendants conspired "to forge documents to sale [sic] property Mr. Walthour won in settlement," which constituted the "illegal selling of property located at 809 Shavertown Road, Garnet Valley PA 19060." Compl. II, III.C. The Complaint, however, contains no allegations regarding the City of Philadelphia. Plaintiff's sole alleged injury was that he and his family were evicted from the Property. The Complaint does not seek relief, stating that any relief would be "named later." Compl. V.

## III.     ARGUMENT

The Complaint should be dismissed pursuant to Rule 12(b)(1) because the Plaintiff seeks

review of the state-court ejectment judgment barred by *Rooker-Feldman* and otherwise fails to

allege a federal cause of action or diversity among himself and all defendants. Alternatively, the

Complaint should be dismissed pursuant to Rule 12(b)(6) because it fails to allege any facts

involving the City and cannot state a claim for conspiracy against any of the other named

defendants.

### A.     THE COURT LACKS JURISDICTION BECAUSE MR. WALTHOUR SEEKS TO INVALIDATE A STATE COURT JUDGMENT AND FAILS TO ALLEGE DIVERSITY OR A FEDERAL CAUSE OF ACTION

Under Federal Rule of Civil Procedure 12(b)(1), dismissal is proper if a federal district

court lacks subject-matter jurisdiction to hear a claim. *In re Schering Plough Corp.*

*Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). It is well-settled that

the burden of establishing the federal court's jurisdiction always lies with the plaintiff. *Save*

*Ardmore Coalition v. Lower Merion Twp.*, 419 F.Supp.2d 663, 669 (E.D. Pa. 2005). It is

"presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from

the record." *Renne v. Geary,* 501 U.S. 312, 316 (1991).

A Rule 12(b)(1) motion can present either a facial or a factual attack. *Singleton v. Jas*

*Auto.* LLC, 378 F. Supp. 23d 334, 342 (E.D. Pa. 2019) (citing *Davis v. Wells* Fargo, 824 F.3d

333, 346 (3d Cir. 2016)). Facial attacks, such as those brought here, assert that the complaint is

insufficient on its face to invoke the subject matter jurisdiction of the court. *Constitution Party of*

*Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Facial attacks are properly considered under the

well-known standard used for Rule 12(b)(6) motions, discussed *infra*, which requires that all

well-plead allegations be construed in favor of the nonmoving party. *Id.* at 358. As set forth

below, the Court lacks jurisdiction because the Complaint seeks relief from a state court

judgment and fails to allege facts sufficient to establish subject matter jurisdiction.

> **1.** ***Rooker-Feldman Precludes Jurisdiction Because Mr. Walthour Seeks Relief From A State Court Ejectment Order***

The *Rooker-Feldman* doctrine establishes the circumstances in which the Supreme

Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a federal

district court from exercising subject-matter jurisdiction. *Exxon Mobil Corp. v. Saudi Basic*

*Indus. Corp.*, 544 U.S. 280, 281 (2005). The doctrine has four requirements: "(1) the federal

plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court

judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the

plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining*

*& Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil*,

544 U.S. at 284). While all four requirements must be met, the Third Circuit has emphasized that

the "second and fourth requirements are the key to determining whether a federal suit presents an

independent non-barred claim." *Id.* at 166.

Here, all four elements are satisfied. First, Plaintiff was subject to an order from the

Delaware County Court of Common Pleas granting an ejectment action in favor of PNC Bank

against Plaintiff and all other occupants of the Property. Proof of Service 3, ECF No. 5. Second,

the Complaint alleges as his injury that "Mr. Walthour and family was evicted from said

residence." Compl. IV. Third, the state court judgment was entered in 2013, well before the

filing of the instant action. Finally, clearly dissatisfied with the state court outcome, Plaintiff asks

this Court to conclude that the sale of the Property was "illegal." Compl. II.B. Such relief could

not be granted without nullifying the state court's determination that PNC Bank was entitled to

possession of the Property and would, thus, constitute an improper review of the state court

decision. *See Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1264 (11th Cir. 2012) ("It is abundantly clear . . . that the claim would succeed 'only to the extent that the state court wrongly decided the issues.'") (citation omitted). Therefore, *Rooker-Feldman* dictates that the Court refrain from exercising jurisdiction and dismiss the Complaint pursuant to Rule 12(b)(1) with prejudice.

### 2. The Court Otherwise Lacks Jurisdiction Because Mr. Walthour Only Alleges a State Conspiracy Claim and is of the Same Citizenship as the City.

Regardless of the mandates of *Rooker-Feldman*, Plaintiff has failed to establish that the Court has subject matter jurisdiction over his claims. Under 28 U.S.C. § 1331, federal district courts have original jurisdiction of civil actions that arise under the Constitution and federal laws or treaties. Whether a claim arises under federal law depends on the well-plead allegations in the complaint. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Dismissal for lack of federal question jurisdiction is appropriate where the right claimed is insubstantial, implausible, or otherwise completely devoid of a federal controversy. *Amberg-Blyskal v. Transportation Sec. Admin.*, 832 F. Supp. 2d 445, 447 (E.D. Pa. 2011) (citing *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 899 (3d Cir.1987)).

Here, Plaintiff marked "Federal Questions" as the basis for this Court's jurisdiction, but failed to allege any claims against the City, federal or otherwise. Construing the complaint liberally, it appears Plaintiff is attempting to assert a state-law claim for conspiracy against the Trust Defendants. Even if Plaintiff was to amend the complaint and allege the City was somehow involved as well, such a claim does not implicate federal law and cannot constitute a basis for federal question jurisdiction. Because the Complaint is devoid of a federal controversy, the Court does not have jurisdiction under § 1331.

Federal district courts also retain original jurisdiction over civil actions exceeding $75,000 in controversy and where there is complete diversity between plaintiff and defendants. 28 U.S.C. § 1332. Complete diversity exists only where a plaintiff is the citizen of a different state than each of the defendants. *Id.* As this Court has previously noted, the City of Philadelphia is a Pennsylvania citizen. *Walthour v. City of Philadelphia*, 2019 WL 1078354, at *2 (E.D. Pa. Mar. 6, 2019).

Here, Plaintiff represents in his pleadings that he resides in Garnet Valley, Pennsylvania. Compl. I.A., ECF No. 1. As a result, both Plaintiff and the City are Pennsylvania citizens, complete diversity does not exist, and this Court does not have subject matter jurisdiction.

Based on the foregoing, the Court lacks jurisdiction under *Rooker-Feldman* and alternatively because Plaintiff has failed to demonstrate either federal question or diversity jurisdiction. As a result, the Complaint should be dismissed pursuant to Rule 12(b)(1) with prejudice.

### B. THE CITY SHOULD BE DISMISSED AS A DEFENDANT BECAUSE PLAINTIFF HAS NOT AND CANNOT ALLEGE A BASIS FOR RELEF AGAINST THE CITY

Even if this Court had jurisdiction to consider the Complaint, the City should be dismissed as a defendant pursuant to Rule 12(b)(6) because Plaintiff has not, and cannot, allege any claim against the City. Under Rule 12(b)(6), the Court should dismiss an action when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Federal Rules require a short, plain statement of the claim that will give defendants notice of the claim the grounds supporting the claim. Fed R. Civ P. 8(a)(2). "[A] plaintiff's obligation to provide the 'grounds' of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqball*, 556 U.S. 662, 678-79 (2009) (stating that a Complaint must contain something more than "naked assertion[s]" devoid of "further factual enhancement."). Pro se complaints should be construed liberally, applying relevant law irrespective of whether the pro se litigant mentions the law specifically. *Amberg-Blyskal* 832 F. Supp. 2d at 447 (citing *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003)).

The Complaint fails to cite any law or otherwise indicate his claim against Defendants and, in particular, against the City. Liberally construing the allegations in the Complaint, the only claim appears to be one for civil conspiracy. "A claim for civil conspiracy under Pennsylvania law requires: '(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage.'" *Egli v. Strimel*, 251 F. Supp. 3d 827, 840 (E.D. Pa. 2017). Allegations of a conspiracy cannot be conclusory or rely on bare suspicions or speculation, they must be firmly based in facts. *Id.*

Here, as stated above, Plaintiff has failed to assert *any* factual allegations against the City. Aside from listing the City as a defendant, the Complaint actually never mentions the City again as a defendant. This is not surprising as it is unclear what possible involvement the City could have had in the past state court litigation which appears to be the foundation of the instant action. Regardless, the Complaint fails to allege facts to support a claim for conspiracy against any of the defendants. Plaintiff's sole allegation that "[Judge] John W. Herron conspired with [defendants] . . . to forge documents to sale [sic] property Mr. Walthour won in settlement" is conclusory and not based in any fact. Plaintiff, for example, fails to allege how defendants were acting with a common purpose, identify any allegedly forged documents, or otherwise provide a factual basis for his claim. As a result, Plaintiff has not, and cannot claim that the City was

involved in any alleged conspiracy and the City should therefore be dismissed as a defendant pursuant to Rule 12(b)(6).

## IV.    CONCLUSION

In summary, the *Rooker-Feldman* doctrine precludes this Court from exercising jurisdiction and the Complaint's allegations are otherwise insufficient to support subject matter jurisdiction. Alternatively, Plaintiff fails to allege any facts that would entitle him to relief against the City or the Trust Defendants. Therefore, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the City respectfully requests the Complaint be dismissed with prejudice.


                                        Respectfully submitted,

Date:  February 14, 2020                 s/ *Sean McGrath*
                                         Sean McGrath
                                         Assistant City Solicitor
                                         City of Philadelphia Law Department
                                         1515 Arch Street, 15th Floor
                                         Philadelphia, PA 19102
                                         (215) 683-5444
                                         sean.mcgrath@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **VICTOR WALTHOUR,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | **Case Number** |
| | : | **20-cv-00068** |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

### CERTIFICATE OF SERVICE

I, Sean J. McGrath, hereby certify that, on the date set forth below, I served a true and correct copy of Defendant City of Philadelphia's Motion to Dismiss and accompanying Memorandum of Law by Notice of Docket Activity sent automatically by CM/ECF on the following counsel who are registered as CM/ECF filing users and have consented to acting electronic service through CM/ECF:

> Dean E. Weisgold
> 1835 Market Street, Suite 1215
> Philadelphia, PA 19103
> 215-979-7602
>
> Martha Gale
> Administrative Office of PA Courts
> 1515 Market Street
> Suite 1414
> Philadelphia, PA 19102
> 215-560-6300
>
> Susan M. Verbonitz
> Weir & Partners, LLP
> The Widener Building
> Suite 500
> 1339 Chestnut Street
> Philadelphia, PA 19107

I further certify that on the date set forth below, I served a true and correct copy of Defendant City of Philadelphia's Motion to Dismiss and accompanying Memorandum of Law by United States first class mail to the following unrepresented parties:

> Victor Walthour
> 3175 Hammond Drive
> Garnet Valley, PA 19060
>
> Linda K. Hobkirk, Esq.
> Two Bala Plaza, Suite 300
> Bala Cynwyd, PA 19004


BY:    s/ *Sean J. McGrath*
       Assistant City Solicitor

Dated:  February 14, 2020