IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR WALTHOUR | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-0068 |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | |

McHUGH, J.                                                                                               December 2, 2020

### MEMORANDUM

This is one in a series of lawsuits that Plaintiff Victor Walthour has filed against a state court judge and other parties involved in termination of a guardianship that was established following the settlement of a personal injury case involving his wife.[1] Defendants have all moved to dismiss. Plaintiff's case suffers from numerous defects, but because jurisdiction is foundational, I need go no further.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A federal court cannot entertain a complaint when it does not have jurisdiction. *Id.* Jurisdiction may be based either on federal questions or diversity among the parties. 28 U.S.C. § 1331 (general federal question jurisdiction); 28 U.S.C. § 1332 (diversity

---

[1] This is not Plaintiff's first lawsuit against Judge John Herron and the other Defendants named in this litigation. In March 2010, Judge Herron of the Court of Common Pleas of Philadelphia, Orphans' Court Division entered an order terminating Plaintiff's guardianship rights over his incapacitated wife's person and estate. Plaintiff filed suit against Judge Herron in federal court and the district court granted Judge Herron's motion to dismiss. *See Walthour v. Herron*, No. 10–01495, 2010 WL 1877704 (E.D. Pa. May 6, 2010). Following this dismissal, Plaintiff has filed multiple suits against Judge Herron and the other Defendants named here, all of which have been dismissed. *See Walthour v. Herron*, 720 Fed.Appx. 130 (3d Cir. 2017) (describing Plaintiff's multiple suits against Judge Herron and the other Defendants). In 2017, the Third Circuit affirmed a 2016 decision by Judge Kearney that dismissed Mr. Walthour's claims as "frivolous, malicious, and designed to harass the defendants." *Id.* at 132. Judge Kearney also instituted a pre-filing approval requirement, which was "narrowly tailored to claims against one or more these named Defendants arising from Judge Herron's order addressing the guardianship over Mrs. Hobkirk." *Walthour v. Herron*, No. 16-2162, 2016 WL 5339582, at *6 (E.D. Pa. Sept. 22, 2016). Because Mr. Walthour's claim in this action arises out of an alleged conspiracy to forge documents, as opposed to the order granting guardianship, the district court's pre-filing approval requirement does not seem to apply. This history is nonetheless instructive.

jurisdiction).  A plaintiff bears the burden of showing that jurisdiction exists.  *Kokkonen*, 511 U.S. at 377.

Mr. Walthour's Complaint asserts "Federal Question Jurisdiction" as the basis for this Court's subject matter jurisdiction.  *See* Compl. 2, ECF No. 1.  The general federal question statutes grants district courts original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  But the cause of action pleaded by Plaintiff—a claim for conspiracy against Trust Defendants related to a sale of property—arises under state law. *See Phillips v. Selig*, 959 A.2d 420, 437 (Pa. Super. Ct. 2008) (describing the elements of civil conspiracy under Pennsylvania law).  Plaintiff has therefore failed to show that federal question jurisdiction exists for his claim.

Nor has Plaintiff established that diversity jurisdiction exists.  Federal courts may hear claims when the amount in controversy exceeds $75,000 and each plaintiff is a citizen of a different state or nation from each defendant.  28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).  Here, Plaintiff has not alleged, in his original complaint or his proposed amendments, whether he or any of the defendants are citizens of the United States.  The domicile of the parties is also not diverse.  Plaintiff is a resident of Pennsylvania.  The City of Philadelphia is also domiciled within the Commonwealth of Pennsylvania.  Therefore, complete diversity does not exist, and Plaintiff's proposed amendments do not cure this jurisdictional defect.

Because Plaintiff has failed to show that I have jurisdiction to hear this case, his Complaint must be dismissed.

      /s/ Gerald Austin McHugh
United States District Judge